**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Billy Ison, *et al.*,

        Plaintiffs,                                        Case No. 1:19cv155

    v.                                              Judge Michael R. Barrett

Madison Local School Board,

        Defendant.

## **OPINION & ORDER**

This matter is before the Court upon Plaintiffs' Motion for Summary Judgment (Doc. 29); and Defendant Madison Local School Board's Motion for Summary Judgment (Doc. 33). These motions are fully briefed. (Docs. 34, 35, 37, 38). In addition, the Court held oral arguments on the motions on August 28, 2020.

**I. BACKGROUND**

At oral argument, the parties agreed that there is no factual dispute. Accordingly, as background, the Court relies upon the factual background set forth in the Court's previous Opinion and Order (Doc. 23) as well as the video recording of Billy Ison speaking during the May 22, 2018 Board meeting (Doc. 29, Ex. 6).

Central to this case is Madison School District Rule 0.169.1, "Public Participation Policy" (the "Policy"), which applies to Board of Education meetings:

> The Board of Education recognizes the value to school governance of public comment on educational issues and the importance of allowing members of the public to express themselves on school matters of community interest.
>
> The Board is also committed to conducting Its meetings in a productive and efficient manner that assures that the regular agenda of the Board is

completed in a reasonable period of time, honors the voluntary nature of the Board's time and using that time efficiently, and allows for a fair and adequate opportunity for input to be considered. Consequently, public participation at Board meetings will be governed by the following principles:

A. Any person or group wishing to place an item on the agenda shall register their intent with the Superintendent no later than seven (7) days prior to the meeting and include:

1. name and address of the participant;
2. group affiliation, if and when appropriate;
3. topic to be addressed.

Such requests shall be subject to the approval of the Superintendent and the Board President.

B. In order to permit the fair and orderly expression of such comment, the Board shall provide a period for public participation at every regular meeting of the Board and publish rules to govern such participation in Board meetings.

The presiding officer of each Board meeting at which public participation is permitted shall administer the rules of the Board for its conduct.

The presiding officer shall be guided by the following rules:

. . .

B. Anyone having a legitimate interest in the actions of the Board may participate during the public portion of a meeting.

C. Attendees must register their Intention to participate in the public portion of the meeting at least two (2) business days prior to the meeting upon their arrival at the meeting by completing the public participation form. An attendee who desires to participate in the public portion of the meeting must complete the public participation form in person and provide proof of residence in Madison Township, Butler County, Ohio.
 . . .

E. Each statement made by a participant shall be limited to three (3) minutes duration.

. . .

G. All statements shall be directed to the presiding officer; no person may

2

>   address or question Board members individually.
>
>   . . .
>
>   I. The presiding officer may:
>
>   1. prohibit public comments that are frivolous, repetitive, and/or harassing
>   2. interrupt, warn, or terminate a participant's statement when the statement is too lengthy, personally directed, abusive, off-topic, antagonistic, obscene, or irrelevant;
>   3. request any individual to leave the meeting when that person does not observe reasonable decorum;
>   4. request the assistance of law enforcement officers in the removal of a disorderly person when that person's conduct interferes with the orderly progress of the meeting;
>   5. call for a recess or an adjournment to another time when the lack of public decorum so interferes with the orderly conduct of the meeting as to warrant such action;
>   6. waive these rules.
>
>   J. The portion of the meeting during which the participation of the public is invited shall be limited to thirty (30) minutes.

(Doc. 13-4, PAGEID# 159-160).

According to their Motion for Summary Judgment, Plaintiffs take issue with the Policy in three respects: (1) it allows the presiding officer to terminate speech which is "personally directed," "antagonistic" or "abusive;" (2) it allows the presiding officer to request that individuals who do not "observe reasonable decorum" leave the meeting; and (3) it bans any speaker who does not reside in the District. (Doc. 29, PAGEID# 334). Plaintiffs claim the Policy violates the First Amendment right to speech. At oral argument, Plaintiffs characterized their challenge to the Policy as being both an as-applied and facial challenge.[1]

---

[1] Defendant responded that Plaintiffs' challenge was only being brought as a facial challenge. The Court has previously struggled with characterizing Plaintiffs' claim based on Plaintiffs' arguments. (See Doc. 23, PAGEID# 288). However, in their Complaint, Plaintiffs alleged both facial and as-applied challenges. (Doc. 1, PAGEID# 10, 11).

3

The Board responds that it must be able to conduct its meetings in an efficient and effective manner. (Doc. 33-1, French Dep. at 98, PAGEID # 473).  The Board points to the language in the Policy itself which explains that the Board must "conduct[] its meetings in a productive and efficient manner that assures that the regular agenda of the Board is completed."

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The moving party has the burden of showing an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  These standards upon which the court evaluates motions for summary judgment do not change simply because the parties present cross-motions. *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).

### B. First Amendment

The First Amendment prohibits the government from "abridging the freedom of speech." U.S. Const. Amend. I. Plaintiffs claim the Policy violates the First Amendment right to speech because it is vague and overly broad.  Plaintiffs also claim that the in-person registration requirement and the proof of residency requirement are invalid prior

4

restraints on expression.  The Court has previously addressed the proper framework for analyzing these claims in its ruling on Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 23) and Plaintiffs' Motion to Alter Judgment (Doc. 39).  Rather than retread old ground and repeat the same full analysis, the Court will refer to those rulings when it makes sense.

There is no dispute that the Board's meetings constitute a limited public forum. *See Featherstone v. Columbus City Sch. Dist. Bd. of Educ.*, 92 Fed.Appx. 279, 282 (6th Cir. 2004) (explaining that when opened to the public, a school board meeting is a limited public forum for discussion of subjects relating to the operation of the schools). A limited public forum is "a forum that is limited to use by certain groups or dedicated solely to the discussion of certain subjects."  *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 470, 129 S.Ct. 1125, 172 L.Ed.2d 853 (2009).  As the Sixth Circuit has explained:

> In a limited public forum, the government "is not required to and does not allow persons to engage in every type of speech."  *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106, 121 S.Ct. 2093, 150 L.Ed.2d 151 (2001).  The government may restrict speech so long as the restrictions are viewpoint neutral and "reasonable in light of the purpose served by the forum."  *Miller*, 622 F.3d at 535 (quoting *Good News Club*, 533 U.S. at 106–07, 121 S.Ct. 2093) (internal quotation marks omitted).

*Hartman v. Thompson*, 931 F.3d 471, 479 (6th Cir. 2019).  Plaintiffs argue that the Policy is not viewpoint neutral because it allows the presiding officer to terminate speech which is "personally directed," "antagonistic" or "abusive" or request that individuals who do not "observe reasonable decorum" leave the meeting.

As the Sixth Circuit has explained:

Viewpoint discrimination is a more "egregious" form of content discrimination.  *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S.

>819, 829, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995). It occurs when speech is restricted because of the speaker's viewpoint on the topic—*i.e.*, but for the perspective of the speaker, the speech would normally be permissible. *See, e.g.*, *Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist.*, 508 U.S. 384, 113 S.Ct. 2141, 124 L.Ed.2d 352 (1993) (holding school violated free speech clause by denying church access to school premises to show film solely because film had a religious viewpoint).

*Id.*; *see also Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995) (defining viewpoint discrimination as "discrimination in which the government targets not subject matter, but particular views taken by speakers on a subject.").

Plaintiffs maintain that by restricting speech which is "personally directed," "antagonistic" or "abusive," the Policy permits the presiding officer to silence those who have a viewpoint which is critical of the Board. In its previous Order ruling on Plaintiffs' Motion for Reconsideration (Doc. 39), this Court relied upon *Lowery v. Jefferson Cty. Bd. of Educ.*, 586 F.3d 427 (6th Cir. 2009) to address the same argument. In *Lowery*, the Sixth Circuit explained that a school board may not exclude speech merely because it criticizes school officials, but may exclude speech if it has the potential to disrupt the meeting, or threatens illegal acts. *Id.* at 432 (citing *Police Dep't of City of Chicago v. Mosley*, 408 U.S. 92, 96, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972)).[2] Plaintiffs argue that *Lowery* is no longer good law, and this Court's decision should be guided by *Matal v. Tam*, 137 S.Ct. 1744, 198 L.Ed.2d 366 (2017) and *Iancu v. Brunetti*, 139 S. Ct. 2294,

---

[2] In *Lowery v. Jefferson County. Board of Education*, the Sixth Circuit upheld a policy which provided that "[t]he director of schools shall take appropriate steps to determine that appeals or appearances before the board are not frivolous, repetitive, nor harassing in nature." 586 F.3d 427, 433 (6th Cir. 2009). The policy also provided that "[t]he chairman shall have the authority to terminate the remarks of any individual who does not adhere to the above rules or chooses to be abusive to an individual board member or the Board as a whole." *Id.*

6

204 L. Ed. 2d 714 (2019).³

The Court finds that *Matal* and *Iancu* would be dispositive if the Policy only prohibited criticism based on viewpoint. *See Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018) ("By rejecting [the plaintiff's] application only on the ground of its [offensive] branding, defendants impermissibly discriminated against [the plaintiff's] viewpoint and therefore ran afoul of the First Amendment, whether [the plaintiff's] speech is categorized as commercial speech, speech in a public forum, or speech in a nonpublic forum." (citing *Matal*, 137 S.Ct. 1744)). However, here, the Policy is aimed at speech which disrupts the Board's meeting and prevents the Board from "conducting its meetings in a productive and efficient manner that assures that the regular agenda of the Board is completed."

In *American Freedom Defense Initiative v. King County*, the Ninth Circuit was presented with a challenge to a county policy which restricted advertising on the outside of buses in the county's transit system. The policy stated that the county would reject "[a]dvertising that contains material that is so objectionable as to be reasonably foreseeable that it will result in harm to, disruption of or interference with the transportation system." 904 F.3d 1126, 1133 (9th Cir. 2018). The policy also provided that "[f]or purposes of determining whether an advertisement contains such material, the County will determine whether a reasonably prudent person, knowledgeable of the County's ridership and using prevailing community standards, would believe that the

---

³In *Iancu v. Brunetti*, the Supreme Court struck down a provision of the Lanham Act prohibiting the registration of "immoral or scandalous" trademarks. Following its decision in *Matal*, the Court found the provision violated the First Amendment because it was only possible to judge what is immoral or scandalous by reference to those concepts as viewpoints. 139 S. Ct. 2294, 2302, 204 L. Ed. 2d 714 (2019).

7

material is so objectionable that it is reasonably foreseeable that it will result in harm to, disruption of or interference with the transportation system." *Id.* The Ninth Circuit found that the "disruption clause" in the policy survived facial scrutiny and explained:

> We emphasize that *Matal* does not affect the facial constitutionality of the disruption clause. Although *Matal* instructs that Metro may not discriminate solely on the basis of viewpoint, the disruption clause discriminates on the permissible, viewpoint-neutral, and objective criterion of disruption to the transit system. That is, whether or not an ad is offensive (under a "reasonably prudent person" standard or otherwise), Metro may reject an ad if harm to the transit system is reasonably foreseeable.

*Id.* at 1133-34. In the same way, Defendant's Policy is directed to the viewpoint-neutral criterion of disruption of the Board's meeting. Therefore, the Court concludes that the Policy does not discriminate solely on the basis of viewpoint. *Accord Rosenberger*, 515 U.S. at 829-830 (explaining that a content-based exclusion "may be permissible if it preserves the purposes of that limited forum," whereas a viewpoint-based exclusion "is presumed impermissible when directed against speech otherwise within the forum's limitations").[4] *But see Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 520 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 1114, 206 L. Ed. 2d 183 (2020) (explaining in dicta that under *Matal*, a rule against attacking persons or institutions during city council meetings could be considered viewpoint discrimination).

As such, the Court must determine whether the prohibition on disruptive speech in the Policy is a valid time, place, and manner regulation. *See Perry Educ. Ass'n v.*

---

[4] The Supreme Court has explained that viewpoint and content discrimination are separate, but related concepts. Content-based regulations target specific subject matter regardless of whether they "discriminate among viewpoints within that subject matter." *Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218, 2230, 192 L.Ed.2d 236 (2015). "For example, a law banning the use of sound trucks for political speech—and only political speech—would be a content-based regulation, even if it imposed no limits on the political viewpoints that could be expressed." *Id.*

*Perry Local Educators' Ass'n*, 460 U.S. 37, 45, 103 S. Ct. 948, 955, 74 L. Ed. 2d 794 (1983). In its previous rulings, the Court determined that the Policy was constitutional under this analysis. (Doc. 23, PAGEID# 297). Nothing presented in the parties' motion summary judgment motions changes this analysis. Therefore, Defendant is entitled to summary judgment on this claim and Plaintiffs' Motion for Summary Judgment is DENIED as to this claim.

As to the in-person registration requirement, the Court has previously found that based upon Lowery v. Jefferson County Board of Education, this requirement was not a prior restraint. (Doc. 23, PAGEID# 299). Instead, the requirement is a content-neutral which is a valid time, place and manner regulation. (Doc. 23, PAGEID# 300). Therefore, Defendant is entitled to summary judgment on this claim and Plaintiffs' Motion for Summary Judgment is DENIED as to this claim.

With regard to the residency requirement, the Court has previously concluded that Plaintiffs do not have standing to challenge the Policy's residency requirement. (Doc. 23, PAGEID# 290).[5] While the Court understands the concern when this requirement is applied to parents who live outside the district, the Court also notes that Section A of the Public Participation Policy allows anyone with a legitimate interest to participate in the public portion of the meeting. (See Doc. 33-1, PAGEID # 657).[6]

---

[5] Moreover, the Eleventh Circuit has rejected the claim that a similar residency requirement for speakers during a city council meeting was overbroad on its face and therefore violated the First Amendment. *Rowe v. City of Cocoa, Fla.*, 358 F.3d 800, 802 (11th Cir. 2004).

[6] The Policy provides:

A. Any person or group wishing to place an item on the agenda shall register their intent with the Superintendent no later than seven (7) days prior to the meeting and include:

Therefore, Defendant is entitled to summary judgment on this claim and Plaintiffs' Motion for Summary Judgment is DENIED as to this claim.

Finally, the Court turns to Plaintiffs' as-applied claim based upon the removal of Billy Ison from the May 22, 2018 Board meeting.  While the Court is not entirely clear whether Plaintiffs are pursuing this claim, the Court nevertheless concludes that Defendant is entitled to summary judgment on any such claim.  During the May 22, 2018 Board meeting, Ison spoke out against the Board's decision to arm its staff.  (Doc. 29, Ex. 6).  Board President David French interrupted Ison because he was personally attacking people.  (Doc. 31-3, David French Dep. at 129, PAGEID# 481).  French warned Ison that if he did not stop he would have to sit down.  (Id.)  Near the end of his remarks, Ison used language and demeanor which French determined was for the purpose of antagonizing the Board.  (Id. at 133).  Board Member Angela Whiteman interrupted Ison and told him to "stop making false and slanderous statements."  (Doc. 29, Ex. 6).  French observed Ison pointing at people in the audience and again asked him to stop.  (French Dep. at 133-34).  French heard people in the audience begin to respond to Ison "and saying stuff out loud, and it's like that's enough, let's calm down, stop."  (Id. at 135).  After Ison continued, French asked a school resource officer to escort Ison from the meeting.  (Id. at 137).  Ison concluded his remarks and walked out of the meeting with the officer.  (Id. at 139).

As one district court has observed, "[t]he standard for whether an individual is

---

1. name and address of the participant;
2. group affiliation, if and when appropriate;
3. topic to be addressed.

Such requests shall be subject to the approval of the Superintendent and the Board President.

10

disruptive or created a disturbance is low." *Young v. Cortune*, Case No. 17cv329, 2019 WL 2636069, at *7 (D.N.J. June 27, 2019). That is because "[t]he interruption of the order of business is itself the disturbance." *Id.* (quoting *Galena v. Leone*, 638 F.3d 186, 212 (3d Cir. 2011)). Based on the facts before it, the district court determined that the plaintiff created a disturbance and it was permissible to remove him from the hearing:

> He interrupted Senator Ruiz on multiple occasions while she was attempting to ask him to finish his statement and move on to the next speaker. When asked to finish up his comments, he refused. At the end of this statement, as Senator Ruiz states she is about to take a recess, Plaintiff can be heard saying "I'm not leaving." Plaintiff created a disturbance because his actions delayed Senator Ruiz's ability to call the next speaker and hear more testimony.

*Id.*; *see also Eichenlaub v. Township of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004) ("As we have observed, speech at a citizen's forum may be limited according to its germaneness to the purpose of the meeting. At any rate, the overwhelming, and wholly sufficient, motive to eject David Eichenlaub from the meeting was the perfectly sustainable and content-neutral desire to prevent his badgering, constant interruptions, and disregard for the rules of decorum."); *cf. Teufel v. Princeton City Sch. Dist. Bd. of Educ.*, No. 1:12-CV-355, 2013 WL 143808, at *14 (S.D. Ohio Jan. 11, 2013) ("While the Court finds that limiting repetitive, harassing, or frivolous language at a school board meeting does in fact advance legitimate government interests, such interests were clearly not advanced by prohibiting Plaintiff from speaking where, under the undisputed facts, he had not spoken in ten months, he claimed to be raising new issues, he was limited to three minutes, and no other individuals had asked to speak.").

This Court concludes that based on the facts of this case, Plaintiffs have not established an as-applied violation of the First Amendment based on Ison's removal

11

from the May 22, 2018 Board meeting.  Therefore, Defendant is entitled to summary judgment on this claim and Plaintiffs' Motion for Summary Judgment is DENIED as to this claim.

### III. CONCLUSION

Based on the on the foregoing, Plaintiffs' Motion for Summary Judgment (Doc. 29) is **DENIED**; and Defendant Madison Local School Board's Motion for Summary Judgment (Doc. 33) is **GRANTED**.  This matter shall be **CLOSED** and **TERMINATED** from the active docket of the Court.

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                      JUDGE MICHAEL R. BARRETT